IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROBERT BATES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:23-cv-02574-SHL-atc |
| ) | |
| F.J. BOWERS, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

Before the Court is Petitioner Robert Bates's Motion for Reconsideration, filed August 1, 2024. (ECF No. 11.) Bates asks this Court to reconsider its order dismissing his habeas petition for failure to state a claim. (Id. at PageID 66.) Respondent F.J. Bowers declined to respond. Because Bates does not identify a clear error of law in the Court's dismissal order, his motion for reconsideration is **DENIED**.

**BACKGROUND**

Bates filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging that the Bureau of Prisons deprived him of his rights to due process and equal protection when it denied his request for home confinement under the Coronavirus Aid, Relief, and Economic Security Act. (ECF No. 1.) The thrust of Bates's due process claim is that he has a procedural right to an individualized assessment of his eligibility for CARES Act placement based on a non-exhaustive list of discretionary factors. (Id. at PageID 4–5.) Bates asserts that the BOP violated this right when it denied his application because he had not yet served fifty percent of his sentence, which is not a factor explicitly included in the non-exhaustive list. (Id.)

Bowers moved to dismiss the petition for failure to state a claim. (ECF No. 6.) Bowers argued that the BOP's discretionary decision to deny a request for home confinement is not subject to judicial review, the CARES Act does not create a protected liberty interest in home confinement, and Bates failed to identify any similarly situated inmates who received differential treatment. (ECF No. 6 at PageID 34–36.) The Court agreed with Bowers and dismissed the petition on July 16, 2024. (ECF No. 8.)

Bates now asks the Court to reconsider its dismissal order. (ECF No. 11.) He asserts that the order contains a manifest error of law—namely, the Court's finding that the lack of a liberty interest in home confinement necessarily means that Bates has no procedural due process right to an individualized assessment for eligibility of CARES Act placement. (Id. at PageID 66–67.) Bates does not ask the Court to reconsider its dismissal of his equal protection claim, so it will not do so.

## LAW

A motion for reconsideration filed within twenty-eight days of a judgment may be treated as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).[1] Gascho v. Glob. Fitness Holdings, LLC, 918 F. Supp. 2d 708, 713–14 (S.D. Ohio Jan. 16, 2013) (citing Inge v. Rock Fin. Corp., 281 F.3d 613, 617–18 (6th Cir. 2002)). Rule 59(e) permits a court to amend a judgment when there is "a clear error of law." Betts v. Costco Wholesale Corp., 558 F.3d 461, 474 (6th Cir. 2009). However, a court can only reconsider an argument that it has already considered—Rule 59(e) does not allow a party to re-argue a case on different grounds.

---

[1] Bates moves for reconsideration under "Local Rule 7.3(h)(1)(A)." (ECF No. 11 at Page ID 66.) While that rule may exist in the District of Alaska, it does not exist here. Because Bates filed his motion within twenty-eight days of the judgment, the Court construes it as one under Rule 59(e). See Pachinger v. Warden, FCC Forrest City, No. 07-2325-JDB/STA, 2007 WL 4190788, at *1 (W.D. Tenn. Nov. 21, 2007).

Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008).  To preserve an argument for a Rule 59(e) motion, a party must make it before the court enters a judgment.  Id.

## ANALYSIS

Bates argues that he has a procedural due process right to a wholistic evaluation before the BOP denies his application for home confinement under the CARES Act.  (ECF No. 11 at PageID 66.)  At the same time, Bates admits that the CARES Act does not establish a liberty interest in home confinement.  (Id.)  He cannot have it both ways.

The only clear error of law is Bates's misunderstanding of the right to procedural due process.  Substantive due process and procedural due process are two sides of the same coin—to trigger both, there must be a life, liberty, or property interest at stake.  Kaminski v. Coulter, 865 F.3d 339, 347 (6th Cir. 2017).  Bates cannot state a procedural due process claim without showing a wrongful deprivation of his liberty, and he cannot show a deprivation of his liberty if he admits he does not have a liberty interest in home confinement.  See id.  Even if the Court could review the BOP's decision to deny his application for home confinement, which it cannot do, Bates undermines his procedural due process claim by admitting that there is no due process interest at stake.  Thus, his motion is **DENIED**.

Bates asserts that he would have scored well if the BOP evaluated him under the enumerated factors.  (ECF No. 1 at PageID 5.)  He states that he "has been a model inmate and has never had any disciplinary issues," and that he "has a well-developed reentry plan and the support of many family [members] and friends."  (Id.)  The Court commends Bates for taking these positive steps in his life, and it encourages him to continue to do so despite this ruling.

**IT IS SO ORDERED**, this 16th day of October, 2024.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE